**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| ANTHONY MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>MANTECH INTERNATIONAL CORPORATION, KEVIN M. PHILLIPS, RICHARD L. ARMITAGE, MARY K. BUSH, BARRY G. CAMPBELL, RICHARD J. KERR, KENNETH A. MINIHAN, and PETER LAMONTAGNE,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Anthony Morgan ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against ManTech International Corporation ("ManTech" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell ManTech to affiliates of The Carlyle Group Inc. ("Carlyle")(the "Proposed Transaction").

2. On May 13, 2022, ManTech entered into an Agreement and Plan of Merger with Moose Bidco, Inc. ("Parent"), and Moose Merger Sub, Inc. ("Merger Sub") (the "Merger

Agreement").[1] The Merger Agreement provides that ManTech stockholders will receive $96.00 in cash for each share of Company common stock owned.

3. The Company's corporate directors subsequently authorized the August 4, 2022 filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that ManTech stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (a) the Company's financial projections; and (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor in connection with the Proposed Transaction.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, as well as make a fully informed decision whether to seek appraisal for the shares.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[1] Parent is a Delaware corporation controlled by investment funds managed by affiliates of Carlyle. Merger Sub is a Delaware corporation and a direct, wholly owned subsidiary of Parent.

[2] The Special Meeting at which stockholders will be asked to approve the Proposed Transaction currently is scheduled for September 7, 2022.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9. Plaintiff is, and has been at all relevant times, the owner of ManTech common stock.

10. Defendant ManTech is a Delaware corporation with its principal executive offices located at 2251 Corporate Park Drive, Herndon, VA 20171. The Company's stock trades on the NASDAQ Global Market under the symbol "MANT." According to the press release announving the Proposed Transaction, "ManTech provides mission-focused technology solutions and services for U.S. defense, intelligence and federal civilian agencies."

11. Defendant Kevin M. Phillips is and has been Chairman of the Board, and President and Chief Executive Officer of the Company, at all relevant times.

12. Defendant Richard L. Armitage is and has been a director of the Company at all relevant times.

13. Defendant Mary K. Bush is and has been a director of the Company at all relevant times.

14. Defendant Barry G. Campbell is and has been a director of the Company at all relevant times.

15. Defendant Richard J. Kerr is and has been a director of the Company at all relevant times.

16. Defendant Lt. Gen. Kenneth A. Minihan, USAF (Ret.) is and has been a director of the Company at all relevant times.

17. Defendant Peter LaMontagne is and has been a director of the Company at all relevant times.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On May 16, 2022, ManTech announced in relevant part:

**HERNDON, Va., May 16, 2022** — ManTech International Corporation (Nasdaq: MANT) ("ManTech" or the "Company"), a leading provider of innovative technologies and solutions for mission-critical national security programs, today announced that it has entered into a definitive agreement to be acquired by funds managed by global investment firm Carlyle (NASDAQ: CG) in an all-cash transaction with a total enterprise value of approximately $4.2 billion.

Under the terms of the transaction, ManTech shareholders will receive $96.00 per share in cash, which represents a 32% premium to ManTech's unaffected closing share price of $72.82 on February 2, 2022, the last trading day prior to published media reports regarding a potential strategic process for the Company, and a 17% premium to the closing stock price of $81.97 on May 13, 2022.

"We have always admired ManTech's unwavering commitment to support national security customers and their critical missions through differentiated capabilities and technology solutions. ManTech's talented employees and leadership team have built a remarkable Company with strong market positions across the federal

government," said Dayne Baird, a Managing Director on Carlyle's Aerospace & Government Services team. "Through this partnership, we look forward to leveraging our sector expertise and resources to accelerate growth and innovation and to drive greater value for customers and employees."

"This announcement is an important milestone for ManTech and a testament to our growth and the leadership position we have built since our founding by George Pedersen more than 50 years ago," said ManTech Chairman, Chief Executive Officer and President Kevin M. Phillips. "Following a comprehensive review of strategic alternatives, our Board determined that this transaction is in the best interest of our shareholders and provides them with the most compelling value maximization outcome, offering liquidity at a significant premium. We look forward to leveraging Carlyle's deep knowledge and experience investing in and growing companies, as we deliver stronger outcomes for our customers and increased opportunities for our employees."

**Transaction Details**

The transaction was unanimously approved by ManTech's Board of Directors, which recommends that ManTech shareholders vote in favor of the transaction. The transaction is expected to close in the second half of calendar 2022, subject to approval by ManTech shareholders, receipt of regulatory approvals and other customary closing conditions. Stockholders holding shares of common stock representing 49.2% of the current outstanding voting power of the ManTech common stock have entered into a voting agreement pursuant to which they have agreed, among other things, to vote their shares of common stock in favor of the transaction, subject to certain conditions.

**Advisors**

Goldman Sachs & Co. LLC is serving as exclusive financial advisor and King & Spalding LLP is serving as legal counsel to ManTech in connection with the transaction.

Robert W. Baird & Co. is serving as financial advisor and Latham & Watkins LLP is serving as legal advisor to Carlyle in connection with the transaction.

**The Materially Incomplete and Misleading Proxy Statement**

20.    The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on August 4, 2022. The Proxy Statement, which recommends that ManTech stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading

information, concerning: (a) the Company's financial projections; and (b) the financial analyses that support the fairness opinion provided by Goldman Sachs & Co. LLC ("Goldman")

*Material Misrepresentations and/or Omissions Concerning ManTech's Financial Forecasts*

21. The Proxy Statement fails to disclose material information concerning the financial forecasts for ManTech, including the unlevered free cash flows utilized by Goldman in connection with its *Illustrative Discounted Cash Flow Analysis*, as well as the line items underlying the Company's financial forecasts for EBIT and EBITDA. *See* Proxy Statement at 49-50.

*Material Misrepresentations and/or Omissions Concerning Goldman's Financial Analyses*

22. The Proxy Statement fails to disclose material information concerning Goldman's financial analyses.

23. With respect to the *Illustrative Present Value of Future Share Price Analysis* performed by Goldman, the Proxy Statement fails to disclose: (a) the inputs and assumptions underlying the NTM/EV/EBITDA range utilized by Goldman in connection with the analysis; (b) ManTech's historical NTM EV/EBITDA multiples; (c) ManTech's projected net debt for its fiscal years 2022, 2023, and 2024; (d) the projected year-end fully-diluted outstanding shares of Company common stock; (e) the cumulative dividends per share expected to be paid to the Company stockholders in the second, third, and fourth fiscal quarters of 2022 and each of the fiscal years 2023 and 2024; and (e) the inputs and assumptions underlying the illustrative discount rate utilized by Goldman in connection with the analysis.

24. With respect to the *Illustrative Discounted Cash Flow Analysis* performed by Goldman, the Proxy Statement fails to disclose the Company's projected unlevered free cash flows for 2022 through 2026, as well as the line items underlying those forecasts. The Proxy Statement further fails to disclose: (a) the range of illustrative terminal values for ManTech; (c) the inputs

and assumptions underlying the implied exit terminal year EV/EBITDA multiples utilized by Goldman in connection with the analysis; (d) the inputs and assumptions underlying the range of discount rates utilized by Goldman in connection with the analysis; (e) the Company's weighted average cost of capital; (f) ManTech's net debt as of March 31, 2022; and (g) the number of fully diluted shares of Company common stock outstanding as of May 20, 2022.

25. With respect to the *Selected Precedent Transactions Analysis* performed by Goldman, the Proxy Statement fails to disclose the individual multiples and financial metrics observed for each transaction.

26. With respect to the *Premia Paid Analysis* performed by Goldman, the Proxy Statement fails to disclose the individual premiums for each of the transactions observed.

27. In sum, the omission of the above-referenced information renders statements in the "Unaudited Prospective Financial Information" and "Opinion of Our Financial Advisor" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of ManTech will be unable to make a sufficiently informed decision in connection with the Proposed Transaction or the decision to seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and ManTech**

28. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

29. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made,

omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. ManTech is liable as the issuer of these statements.

30. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

31. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

32. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

33. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

34. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

35. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

36. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

37. The Individual Defendants acted as controlling persons of ManTech within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of ManTech and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

38. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

39. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

40. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

41. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as

controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Mandiant, and against defendants, as follows:

A.  Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: August 10, 2022 **LONG LAW, LLC**

By  */s/ Brian D. Long*

                                              Brian D. Long (#4347)
                                              3828 Kennett Pike, Suite 208
                                              Wilmington, DE 19807
                                              Telephone: (302) 729-9100
                                              Email: BDLong@longlawde.com

*Attorneys for Plaintiff*